## WILL HAMILTON v. THE STATE.

### No. 1657. Decided March 27, 1912.

**Local Option—Insufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence did not show that defendant sold the alleged liquor, and the State failed to make out a case, the conviction could not be sustained. See opinion for facts held insufficient to sustain a conviction.

Appeal from the County Court of Sabine. Tried below before the Hon. T. R. Smith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Goodrich & Lewis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

The Assistant Attorney-General agrees with appellant's counsel that the evidence is not sufficient to support this conviction. An examination of the statement of facts, we are fully convinced, sustains the conclusion that the State has not made out a case against appellant. The complaint was signed by Luther Gray, in which he says that he has good reason to believe and does believe that Will Hamilton sold him intoxicating liquors. On the witness stand this same Gray testified that he could not swear positively that it was defendant who sold him the whisky. He said he had never seen the defendant before in his life, and had never seen the man who sold him the whisky before the occasion of his purchasing it. The sale occurred at night. He says that on the night he purchased the whisky he was in Pineland, which seems to be a little sawmill town, and was down in the negro quarters and met Arthur Stewart on the street near the negro dance hall, and asked Arthur Stewart if he knew where he, Gray, "could rustle some whisky," or "if he could rustle some whisky for me." Stewart informed him he had heard of a negro in Pineland who had some whisky to sell, and that if he would go with him he would try to locate the negro and get some whisky from him. Arthur Stewart refused to go and get the whisky or hunt it for Gray unless Gray would go with him. Gray says that Stewart did go with him, and that this occurred about 9 o'clock at night. The negro was a yellow negro, and he did not hear his name called, and did not know at the time of the trial the name of the negro from whom he got the whisky. Gray further testifying he would not identify the negro the next morning except by stating, "I could not be positive that he was the man who sold me the whisky, but I believe he was the man to the best of my judgment. I made the complaint in this case before A. W. Oliver, county attorney of this county, on the 20th day of February, 1911, and I know that that complaint is to the effect that I believed and had good reason to believe that Will Hamilton on the 7th day of January, 1911, sold me some intoxicating liquor. I did not swear in that complaint that Will Hamilton did sell me some intoxicating liquor

for the reason that I was not willing to swear in said complaint positively that Will Hamilton, the defendant, was the same man who sold me that whisky that night. That was the reason that I swore in the complaint that I believed and had good reason to believe that Will Hamilton sold me some whisky. Arthur Stewart, who went with me to the negro house with the yellow negro to get the whisky, was present when the yellow negro opened the suitcase and handed me the whisky." He says Arthur Stewart was present all the time and had the same opportunity that he had and did see the negro who sold the whisky.

Arthur Stewart testified that he met Gray at Pineland on the night of the 7th of January, and Gray wanted him, witness, to help him "rustle some whisky." He told him he thought that he could as he had found there was a yellow negro man there in the negro quarters that night with some whisky to sell. "Luther Gray asked me to hunt this negro up and get him some whisky from the negro, but I told him I would not do so unless he would go with me. Luther Gray agreed to go with me, and he and I began looking around for this negro who had the whisky, and we found him in the street near the dance hall and told him what we wanted." The facts further show that Gray and Stewart and the strange yellow negro walked up to the boarding house of one R. T. Lee, about seventy-five yards from the dance hall, and when they got to the front porch of the house the yellow negro asked Gray and Stewart to wait until he could go in the house and get his suitcase. This was about 9 or 9:30 o'clock on January 7, 1911, and was pretty dark. The yellow negro brought out a suitcase and sold Gray a bottle of whisky, for which he paid $1.50. Gray and Stewart took the whisky and walked away from the house. Stewart says he has never seen the yellow negro from that time until some three weeks before this trial, when he saw him at Silsbee, in Hardin County. This witness says he knew Will Hamilton, and was well acquainted with him. This witness says: "He is not the man who sold Luther Gray that bottle of whisky on the night of January 7, 1911." He describes the negro who let Gray have the whisky, and gives a different description as to color from the defendant. Appellant ·was in the town of Pineland that night, but he did not stop at Lee's house, but stopped at Chumley's boarding house. Chumley testified that appellant's grip was kept locked in his, Chumley's locker, and that it was locked on this particular night, and that appellant did not get the suitcase out of the locker. The locker of which Chumley speaks is the locker where he keeps the grips and things of that sort which belong to his boarders, and that he kept it locked and himself controlled the opening of the locker, and did on this particular night.

The constable testifies that during the evening of January 7, and at the time it is said Gray bought whisky from the yellow negro, he went to Chumley's boarding house and called for appellant's suitcase.

Chumley unlocked the locker and gave it to him. That he opened it and there was no whisky in it, nothing except a few articles of clothing, mainly underclothing. Lee was also used as a witness, but his testimony did not assist the State in any way, but was corroborative of the evidence introduced on the part of the defendant.

Under this state of facts this judgment ought not to be permitted to stand, and this conviction ought not to have been secured in the trial court.

There are some other matters presented for revision, but inasmuch as the evidence does not justify this conviction they are not noticed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*